IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL NO. G-04-01 |
| | § | CIVIL ACTION NO. G-06-459 |
| CHRISTOPHER RODRIGUEZ | § | |

### REPORT AND RECOMMENDATION

Before the Court is the " Motion in Support of 28 U.S.C. §2255 to Vacate, Remand or Resentence" filed by Christopher Rodriguez, the named Defendant in the above-styled and numbered cause. The Court has given Rodriguez' Motion initial consideration under Rule 4(a) of the Rules Governing Section 2255 Proceedings and now issues this Report and Recommendation.

Following his Indictment for possession of a firearm by a convicted felon, Rodriguez was released on bail. The Order of Release required a form of home confinement and electronic monitoring. On March 17, 2005, Rodriguez pleaded guilty to the Indictment and on June 17, 2005, he was sentenced to a term of 52 months of confinement. The Judgment and Sentence was entered of record on July 12, 2005. On July 5, 2006, the instant Motion was placed in the prison mail system and on July 12, 2006, it was received and filed by the District Clerk. The Motion is, therefore, timely filed. Cf. Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998)

In his Motion Rodriguez raises two related grounds for his relief. He complains that he was denied due process because he was never notified that the time he spent in home confinement as a condition of his pre-trial release would not be credited towards his sentence and that his attorney was ineffective for not petitioning the District Court, at the time of sentencing, to give

him the time credit for the period of home confinement as required, he believes, under Section 5C1.1(e)(2) of the United States Sentencing Guidelines. For relief, Rodriguez asks the Court to reduce his sentence by 15 months to account for the deserved, but denied, time credit.

Rodriguez' Motion is without merit.[1] Home confinement under Section 5C1.1 may be imposed only pursuant to a criminal conviction and is designed to either punish or rehabilitate the convict. On the other hand, persons who are released on bail with restrictive conditions pending trial or sentencing are not convicted persons and are not being punished or rehabilitated. The restrictive conditions of release are imposed merely to ensure the Defendant's appearance in Court and/or to safeguard the community. See Rodriguez v. Lamer, 60 F.3d 745, 749 (11th Cir. 1995) Rodriguez was not in the custody of the Attorney General serving a sentence during the period of his pre-trial release, therefore, he was not in "official detention" as required by 18 U.S.C. §3585(b) for entitlement to the time credit he seeks. See Reno v. Koray, 515 U.S. 50, 65 (1995)

Because the main premise of Rodriguez' argument is without merit, his claim of ineffective assistance of counsel also fails. Counsel cannot be found ineffective for failing to raise a meritless argument. Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995)

For the foregoing reasons, the Court finds that Rodriguez is not entitled to relief under 28 U.S.C. §2255 and, therefore, **RECOMMENDS** that, pursuant to Rule 4(a), his Motion (Instrument no. 80) be **SUMMARILY DENIED.**

---

[1] It is not clear from Rodriguez' Motion whether Rodriguez exhausted his administrative remedies with the Bureau of Prisons; however, in light of the lack of merit of his claims, the Court sees no need to make further inquiry on the exhaustion issue.

The United States District Clerk **SHALL** serve a copy of this Report and Recommendation Parties who **SHALL** have until **August 18, 2006**, to file written objections with the District Court, <u>in the Galveston Office, at P.O. Box 2300, Galveston, Texas 77553.</u> Failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within the allowed time **SHALL** bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

**DONE** at Galveston, Texas this _____31st_____ day of July, 2006.

_____
John R. Froeschner
United States Magistrate Judge